UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 12-21167-CIV-MOORE/TORRES

BEVERLY ELSTROP,

        Plaintiffs,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

        Defendant.
_____/

**DEFENDANT, CARNIVAL CORPORATION'S,
ANSWER AND AFFIRMATIVE DEFENSES AS TO COUNT I OF AMENDED
COMPLAINT AND MOTION TO DISMISS COUNT II**

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Count I ONLY of Plaintiff, BEVERLEY ELSTROP's, Second Amended Complaint for damages, and Motion to Dismiss Count II, and states as follows:

**ANSWER WITH REGARD TO COUNT 1 OF SECOND AMENDED COMPLAINT,
ONLY**

1. Other than to admit that this Honorable Court has subject matter jurisdiction over this action Paragraph 1 is denied.

2. Other than to admit that venue is proper in this Honorable court and that this Honorable Court has subject matter jurisdiction over this action, and that an extension of time to file suit through March 27, 2012 was granted to Plaintiff, Paragraph 2 is denied.

3. Defendant is without sufficient knowledge to admit or deny, and therefore in abundance of caution, must deny Paragraph 3 at this time.

4. For the purposes of this litigation only, Defendant admits only that it is subject to the *in personam* jurisdiction of the Court. Otherwise, Paragraph 4 is denied.

5. Other than to admit that Plaintiff was a passenger on board the ECSTASY on the date stated in the complaint, Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Defendant has filed a motion to dismiss as to Count II, and as such Defendant is not required to admit or deny the new allegations contained in Paragraph 7. However, to the extent that an answer is required, Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Defendant has filed a motion to dismiss as to Count II, and as such Defendant is not required to admit or deny the new allegations contained in Paragraph 9. However, to the extent that an answer is required, Paragraph 9 is denied.

## COUNT I: NEGLIGENCE AS TO CARNIVAL

10. Paragraph 10 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Paragraph 10 is denied.

11. Paragraph 11, inclusive of all sub-parts, is denied.

12. Paragraph 12 is denied.

13. The Defendant, CARNIVAL, denies that Plaintiff has sustained damages and/or that Defendant is liable for any claimed damages.

14. The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

15.     The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

16.     Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Second Amended Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff, BEVERLEY ELSTROP.

## AFFIRMATIVE DEFENSES AS TO THE COUNT I OF THE SECOND AMENDED COMPLAINT, ONLY

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION asserts that the negligence, actions and/or misconduct of the Plaintiff were the sole and proximate cause of any and all injuries which are alleged in the Complaint, thereby precluding or diminishing Plaintiff's recovery pursuant to the Doctrine of Comparative Negligence.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thereby precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on her claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

### SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were legally caused by the conduct of third parties, who were not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any condition which the Plaintiff alleges was the proximate cause of her damage and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant alleges this action is controlled by federal maritime law to the exclusion of state law.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## MOTION TO DISMISS COUNT II (NEGLIGENT HIRING AND RETENTION)

Plaintiff's claims for negligent hiring and retention (contained in Count II) are based on new facts that were never asserted in Plaintiff's original or first Amended Complaints. Moreover, the allegations in the original Complaints contain nothing that would put CARNIVAL on notice that the new count might be asserted. Therefore, said claim in Plaintiff's Second Amended Complaint does not relate back to the date of Plaintiff's original Complaint, and they are considered to have been brought on June 29, 2012, the date on which Plaintiff filed her Second Amended Complaint. June 29, 2012, falls outside the one-year statute of limitation imposed by the Passenger Ticket Contract, and any extensions granted by Defendant thereto. Because Plaintiff failed to comply with the statute of limitations, this claim must be dismissed as untimely. *Hajtman v NCL (Bahamas) Ltd.*, No. 07-22429-CIV-MOORE, 2008 WL 1803630 *1 (S.D. Fla. April 21, 2008).

Count I of Plaintiff's Second Amended Complaint alleges negligence, under general maritime law, for a trip and fall accident which allegedly occurred in a hallway on board Defendant's vessel. Plaintiff's original and First Amended Complaints are silent as to any factual allegations of purported negligence based on the actions of the shipboard physician. In Plaintiff's Second Amended complaint, Plaintiff asserts, for the first time, new factual allegations pertaining to the actions of the shipboard physician (DE 21 at Paragraphs 7 and 9). Count II generally alleges negligence against CARNIVAL and lists a litany of alleged breaches of duty which asserts negligence against CARNIVAL based on a breach of its alleged duty to properly select and hire the shipboard physicians; failure to supervise Dr. Greiner in the discharge of his duties; and failure to terminate Dr. Greiner. As this Court has already held, a cruise carrier is not in the business of providing medical care and does not possess the expertise

or professional qualifications to supervise or otherwise control the medical staff. *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV-MOORE, 2007 U.S. Dist. LEXIS 91033 at *1 (S.D. Fla. Dec. 6, 1007).

FURTHER AND IN SUPPORT, the Defendant, CARNIVAL, proffers the following memorandum of law:

## MEMORANDUM OF LAW

Pursuant to Rule 12(b)(6), this action should be dismissed as it is time barred and Count II fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The relevant standard of review was recently set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007), in which the Court held that factual allegations of the Complaint must be enough to raise a right to relief above the speculative level; *see also Brocker v. Norwegian Cruise Line Ltd.,* No. 06-23006-CIV-HIGHSMITH, 2007 U.S. Dist. LEXIS 54906 (S.D. Fla. July 25, 2007).

### I. FEDERAL ADMIRALTY LAW GOVERNS MARITIME TORTS

Plaintiff alleges jurisdiction pursuant to diversity. (DE 21, paragraph 1, 5). It is undisputed that this action is governed by the General Maritime Law of the United States, as the alleged injury occurred on navigable waters; therefore maritime law controls the substantive issues. *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990); and s*ee also Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV-GOLD/TURNOFF, 2007 U.S. LEXIS 69430 at *1, *8-9 (S.D. Fla. Aug. 6, 2007)(*citing Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1373 (S.D. Fla. 2002))(where the court has diversity jurisdiction and admiralty jurisdiction, federal maritime law governs).

## II. PLAINTIFF'S CLAIMS BASED ON NEW FACTS THAT WERE NOT ALLEGED IN THE ORIGINAL COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

"Statutes of Limitations generally create affirmative defenses; however, a motion to dismiss based on the failure to comply with the applicable statute is properly considered as a motion under Rule 12(b)(6) for failure to state a cause of action upon which relief may be granted." *Druitt v. College of William & Mary*, No. 4:04cv128, 2005 U.S. Dist. LEXIS 26709 at *1, *14 (E.D. Va. Feb. 23, 2005)(*citing Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 360 (D.C. Cir. 1982); 5C Wright & Miller, Federal Practice and Procedure §1277 (1969)).

In *Adams v. Crystal City Mariott Hotel*, No. 02 Civ. 10258, 2004 U.S. Dist. LEXIS 5819 at *1, *6-7 (S.D.N.Y. Apr. 6, 2004), the court explained:

> Rule 12(b) of the Federal Rules of Civil Procedure does not enumerate failure to comply with the statute of limitations as a ground for dismissal. A motion to dismiss on this ground generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to a Rule 12(b)(1) motion. Rule 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on statute of limitations grounds, because expiration of the statute of limitations presents an affirmative defense.

*Id.* (*citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). "An affirmative defense can arise when plaintiff adequately states a claim, but plaintiff's own allegations show that the defense exists." *Id.* at *7. "The standards and procedures under Rule 12(b)(6) thus aptly apply to motions to dismiss upon the affirmative defense of statute of limitations." *Id.* at *8.

As set forth below, Count II for Negligent Hiring and Retention should be dismissed, pursuant to Rule 12(b)(6), for failure to comply with the applicable statute of limitations.

### A. <u>Plaintiff's Claims are Subject to a One-Year Statute of Limitations</u>

Under general maritime law, the statute of limitations for commencing a suit to recover damages in negligence for personal injury is "three years from the date the cause of action accrued." 46 U.S.C.S. App. §763(a). However, the law permits a cruise line, such as CARNIVAL, to contractually shorten this period. *Levick v. Steiner Transocean Ltd.*, 377 F. Supp. 2d 1251, 1255 (S.D. Fla. 2005)(*citing Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990); *Harts v. Carnival Corp.*, No. 05-20577-CIV-ALTONAGA, 2005 U.S. Dist. LEXIS 15416 at *1, *8 (S.D. Fla. June 10, 2005). Congress specifically authorized shorter limitations periods pursuant to 46 U.S.C. §183(b), which states:

> <u>Stipulations limiting time for commencing suit.</u> It shall be unlawful for the manager, agent, master or owner of any seagoing vessel . . . transporting passengers . . . between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for the institution of suits to be computed from the date when the death or injury occurred.

46 U.S.C. §183(b); *See also Angel v. Royal Caribbean Cruises, Ltd.*, No. 02-20409-CIV-UNGARO, 2002 U.S. Dist. LEXIS 22440 at *1, *6-7 (S.D. Fla. Oct. 22, 2002). Thus, the one-year limitation provision in passenger ticket contracts permitted under 46 U.S.C. §183(b) is not superseded by 46 U.S.C. §763(a). *See Levick*, 377 F. Supp. 2d at 1255; *Harts*, 2005 U.S. Dist. LEXIS 15416 at *8; *Angel*, 2002 U.S. Dist. LEXIS 22440 at *6-7.

A time limitation provision in a cruise ticket contract controls so long as it is made part of the contract, either by inclusion or incorporation by reference, and the passenger is given adequate notice of same. *Angel*, 2002 U.S. Dist. LEXIS 22440 at *7 (*citing Nash*, 901 F.2d at 1566). To clarify, federal common law has never required actual notice of a carrier's liability limitation. Acceptance and use of the ticket is prima facie evidence of a valid agreement limiting

the carrier's liability.  Moreover, the passenger's mere failure to read the matter plainly placed before her cannot overcome the presumption of assent.  *New York C. & H.R.R. Co. v. Beaham*, 242U.S. 148, 151-52 (1916); *Diero v. American Airlines, Inc.*, 316 F.2d 1360 (9th Cir. 1987); *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979).

Here, ¶12(a) of the Passenger Ticket Contract supplies the applicable statute of limitations, requiring claimants to file personal injury or death actions against the cruise line states that "suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death" (Passenger Ticket Contract, ¶ 12a).[1]  Plaintiff's acceptance and use of the ticket is prima facie sufficient to show notice.  Moreover, the Passenger Ticket Contract contained the following notice, in capital letters and enclosed in a bold-faced box at the top of the first page:

> **IMPORTANT NOTICE TO GUESTS THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**
>
> **NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 10 THROUGH 13, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**

(See DE 1 and 16 - Passenger Ticket Contract).  This court has found similar provisions to provide adequate notice.  *See Levick*, 377 F. Supp. 2d at 1255.  As stated above, Plaintiff cannot avoid the one-year time limit by alleging that she did not read the contract.  *Beaham*, 242 U.S. at 151-52.  (*See* DE 29-1, ¶ 14, alleging that "Plaintiff did not read the small print provisions included within the CARNIVAL passenger ticket").

Based on the foregoing, the case law is well established that the plaintiff's non-compliance with the one-year time limitation in a cruise passenger ticket contract requires dismissal of the action as untimely. *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577 (11th Cir. 1985)(reversing the Third District's denial of cruise line's motion to dismiss); *Braun v. Carnival Cruise Lines, Inc.*, 749 F.2d 732 (11th Cir. 1984)(upholding Third District's order of summary judgment); *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11 (5th Cir. 1979)(reversing Third District's denial of summary judgment).

Here, Plaintiff's cause of action accrued on December 26, 2010. (See DE 21 at ¶¶ 6). Defendant extended the time for filing this action to and including March 27, 2012. (See DE 21 at ¶¶ 2). Thus, Plaintiff's Second Amended Complaint, filed June 29, 2012, falls outside the one-year limitations period provided in the Passenger Ticket Contract, as well as outside the extension granted by Carnival. As such, the new claim for negligent hiring and retention asserted in Count II of Plaintiff's Second Amended Complaint is time barred unless such claim relates back to the date of the original Complaint.

### B. The Claims Asserted Against Carnival in Plaintiff's Second Amended Complaint Do Not Relate Back to the Original Complaint Under Federal Rule of Civil Procedure 15(c)

An amended pleading relates back to the date of the original filing only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *See also Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 962 (11th Cir. 2001)(noting that "Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court, and provides several ways in which an amended pleading can relate back to an original pleading.").

---

[1] A copy of the Passenger Ticket Contract is attached to Plaintiff's Original Complaint and First Amended Complaint. (See DE 1 and 16, ¶ 12a).

On the other hand, "'[w]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed.'" *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV-MOORE, 2007 2008 WL 1803630 *1 (S.D. Fla. April 21, 2008); *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (*quoting Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)). "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)(*citing Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America*, 438 F.2d 1286, 1299-1300 (5th Cir. 1971), *cert. Denied*, 404 U.S. 1047 (1972)).

In *Hajtman*, this Honorable Court addressed the identical issue raised herein and granted Defendant, NCL's Motion to Dismiss. *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV-MOORE, 2007 2008 WL 1803630 *1 (S.D. Fla. April 21, 2008). In *Hajtman*, Plaintiff filed an Amended complaint after the one year limitations period had expired, which sought to add a new claim for negligent hiring of the shipboard physician. *Id*. In *Hajtman*, the Honorable K. Michael Moore found that "Plaintiff's amended claim of negligent hiring does not relate back to the date of the original complaint" based on a finding that "throughout Plaintiff's first complaint, no allegations or facts supporting a claim of negligent hiring are alleged"; and that the Plaintiff in *Hajtman* was "simply trying to interject a new theory of liability based upon facts and conduct that was not previously alleged". *Id.* At *2. This Honorable Court concluded that "since Plaintiff's claim for negligent hiring does not relate back, it is barred by the statute of limitations and dismissed."

Similarly, in the instant case, Plaintiff's Claim for Negligent Hiring and Retention (asserted within Count II), is based on new facts that Plaintiff did not allege in her original

Complaint or her first Amended complaint. Moreover, the facts that were alleged in the original or first Amended Complaint would not place CARNIVAL on notice of the potential for such a claim. The newly added Count II for Negligence asserts new facts that were not included in the prior complaints which refer to conduct of the shipboard physician. (DE 21 ¶ 7 and 9). Count II of the Second Amended Complaint asserts, for the first time in this litigation, that CARNIVAL is liable for "failing to have in place a proper selection and hiring process that ensures shipboard physicians are properly vetted and selected", "failing to properly supervise Dr. Greiner in the discharge of his duties as shipboard physician; and "failing to terminate Dr. Greiner when CARNIVAL knew or should have known that Dr. Greiner was not qualified to continue in his capacity as shipboard physician". (DE 21, ¶ 15 (a) through (c)). Plaintiff's original and First Amended Complaint do not assert any facts that would either support a claim for negligent hiring/retention or provide CARNIVAL with notice of the potential for such claim.

Instead, the original and first Amended Complaints focus on CARNIVAL's alleged negligence in leaving a cart in a passenger cabin hallway and inspection of the hallway. There is no mention whatsoever of any allegations pertaining to the conduct of the shipboard physician. (DE 1 and 12). In contrast, Count II of the Second Amended complaint for negligent hiring and retention focuses on CARNIVAL's conduct in *selecting* its medical staff at the outset. Thus, "[t]he alleged acts of negligence occurred at different times and involved separate and distinct conduct." *Hajtman at \*2; and Moore*, 989 F.2d at 1132. In addition, this district has held that a claim for negligent hiring cannot be based on a plaintiff's allegations of medical staff's negligence. *See Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1374-75 (S.D. Fla. 2002)("The fact that the physician errs in his treatment does not prove that he was incompetent or that the company was negligent in appointing him."). Thus, the facts supporting

Plaintiff's general claims of negligence are separate and distinct from those necessary to support a claim for negligent hiring. Therefore, Plaintiff's claims for Negligent Hiring do not relate back to the original Complaint.

### III.   PLAINTIFF FAILES TO ALLEGE ULTIMATE FACTS NECESSARY TO SUPPORT A CLAIM FOR NEGLIGENT HIRING.

Count II of Plaintiff's Second Amended Complaint also asserts negligence against Carnival based on its alleged failure to select and hire competent and qualified medical personnel. Plaintiff's claim in this regard is merely form allegations. In its decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), the Supreme Court stated:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

"Under general maritime law, a shipowner who elects to provide a physician for its passengers has a duty to use reasonable care in selecting competent medical staff. This duty is sufficiently fulfilled when the physician's fitness is diligently inquired into; proper evidence of his treatment does not prove he was incompetent or that the company was negligent in hiring him." *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1374 (S.D. Fla. 2002); *See Doe v. Celebrity Cruises*, 145 F. Supp. 2d 1337, 1345 (S.D. Fla. 2001)(*citing Warren v. Ajax Navig. Corp. of Monrovia*, No. 91-0230-CIV-RYSKAMP, 1995 U.S. Dist. LEXIS 19535 at *1, *13-14 (S.D. Fla. Feb. 3, 1995).

In addition, Florida courts have held that in order to allege a breach of the duty to exercise reasonable care in hiring, the Plaintiff must allege <u>facts</u> sufficient to show that: (1) the employer was required to make an appropriate investigation of the employee and failed to do so;

(2) an appropriate investigation of the employee would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.  *Garcia v. Duffy*, 492 So.2d 435 (Fla. 2d DCA 1986); *William v. Feathersound*, 386 So.2d 1238 (Fla. 2d DCA 1980, *rev. den'd.*, 392 So.2d 1374 (Fla. 1981); *Nazareth v. Herndon Ambulance*, 467 So. 2d 1076 (Fla. 5th DCA 1985); *DeJesus v. Jefferson Stores, Inc.*, 383 So.2d 274 (Fla. 3d DCA 1980); and *Doe v. Evans*, 23 Fla. L. Weekly D2077 (Fla. 4th DCA 1998).

Here, Plaintiff's Amended Complaint fails to allege the facts necessary to state a cause of action for negligent hiring.  It merely contains conclusory allegations without alleging ultimate facts to show how Carnival breached its duty to hire a competent and qualified medical staff.  Plaintiff has not plead facts relating to Carnival's practices in the selection or hiring of its medical staff or asserted that their alleged incompetency was known to Carnival or could have been ascertained.  Plaintiff cannot simply rely on the medical personnel's alleged negligence in their treatment of Plaintiff to support such claim.  *Jackson*, 203 F. Supp. 2d at 1374 (*citing Barbetta*, 848 F.2d at 1369).  Moreover, "[t]he fact that the physician errs in his treatment does not prove that he was incompetent or that the company was negligent in appointing him." *Id.* at 1375.

The Amended Complaint's numerous conclusory allegations do not contain any facts to show that Carnival was negligent in hiring its medical staff, and it therefore does not meet the standard as explained in *Bell Atlantic*.  127 S. Ct. at 1964-65.  Thus, to the extent that Plaintiff's claim of negligence is based on negligent hiring and retention, it must be dismissed for failure to state a cause of action.

## CONCLUSION

Plaintiff's claim for Negligent Hiring and Retention (count II of the Second Amended Complaint) does not relate back to the original complaint, is time barred, fails to state a cause of action, and should be dismissed with prejudice in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated this 9th day of July, 2012.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9th, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Donnise A. DeSouza, Esq.*   .
DONNISE A. DESOUZA, ESQ.
Fla. Bar No: 879398

## SERVICE LIST

| DONNISE A .DESOUZA, ESQ.<br>ddesouza@carnival.com<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Attorney for Defendant, CARNIVAL | LAW OFFICES OF ROBERT L. PARKS, PL<br>2121 Ponce de Leon Blvd., Suite 505<br>Miami, FL 33130<br>Telephone:  (305) 445-4430<br>Facsimile: (305) 445-4431<br>Attorney for Plaintiff, ELSTROP |
|---|---|

[Service via CM/ECF Notice of Electronic Filing and via U.S. Mail]